CITY BANK *versus* BENJAMIN ADAMS AND BATH MUT. MARINE INSURANCE COMPANY, *Trustee.*

Where a company has issued a policy of insurance upon a vessel *for whom it concerns,* and a loss has accrued, the share of money payable by the company to one of the several owners, may be held by attachment on trustee process, by a creditor of such part owner of the vessel, although his name is not in the policy.

Parol evidence is not admissible to show that a promissory note was intended as a receipt.

THE question, in this case, is the liability of said corporation as the trustee of said Adams.    The company, by one of its directors, after the general declaration that the corporation, at the time of service, had no goods, effects, or credits of the said Adams, further disclosed that on the 6th day of Nov. 1854, S. H. Fuller obtained for himself, and for whom it should concern, an insurance by the said company for twelve thousand dollars on the ship called Lavinia Adams, and a policy was issued.    A loss of the ship occurred.    The company denied their liability on the policy.    Fuller commenced a suit, which was referred by a rule of Court.    The report of the referees was made and filed, and the action was continued to this [December, 1857,] term.    By compromise, the company has settled the loss and paid to William Purrinton, to whom the said Fuller had assigned the policy, the sum of $10,783,60, being seven-eighths of the sum agreed to be paid by the company to settle the loss, (and also as costs, the sum

of $238,45,) the remaining eighth part has been paid to the assignees of Joseph Berry, the said Purrinton consenting thereto.

The said Benjamin Adams was owner of three-sixteenths of said ship when the insurance was effected, and so continued to the time when the loss happened. That it appeared at the hearing before the referees, and may be assumed as a fact, for the purposes of the disclosure, that the insurance was effected for all interested in the ship.

That, at the time of payment to Purrinton, he gave his written agreement to indemnify the company against any claim the plaintiffs have by reason of their trustee process. The order or assignment of Fuller, is made a part of the disclosure. The loss of the vessel occurred before the service of the writ upon the company, which service was while the suit of Fuller was pending, and before the award of referees was returned to Court.

At the April term, 1858, MAY, J., presiding, the parties and said Purrinton, assignee, agreed to submit the question of the liability of the said insurance company, as trustee, to the full Court, on the disclosure made, the policy of insurance and certain depositions specified, to make part of the case.

The material evidence contained in the depositions, sufficiently appears from the opinion of the Court. On another policy, Adams had received a sum greater than his share; a part of which he had *loaned*, as he deposes, to Berry, one of the other owners. The plaintiffs contend that the money received by Berry, should be regarded as a payment of so much towards the sum he was entitled to, and not as a loan.

*Gilbert*, for plaintiffs, argued : —

That on a policy, such as is in this case, effected for whom it concerns, the party interested is entitled to recover the money for himself. Fuller had no interest in it. He was not an owner at the time of the loss.

*Pacific Ins. Co.* v. *Cattell*, 4 Wend. 75, in which case it was decided that one who had *a special interest* in the subject in-

sured, may maintain an action. For a still stronger reason, the general owner may, on a policy intended for his benefit, although his name is not in the policy.

The following cases were cited and commented upon:— *Farrar* v. *Com. Ins. Co.*, 18 Pick. 55; *Gardner* v. *Bedford Ins. Co.*, 17 Mass. 613; *Rider* v. *Ocean Ins. Co.*, 20 Pick. 259.

Fuller had no title to the money. Neither had Purrinton. He was simply authorized to receive it. And the order for that purpose was made by the agreement of the owners, treating this as the money of all the owners, Adams included. The debtor corporation is, therefore, the trustee of Adams, unless that relation is divested by other means.

It was further argued, from the evidence, it did not appear that Adams had received the amount of insurance to which he was entitled.

*Bronson & Sewall*, for trustees and for Purrinton.

The opinion of the Court was drawn up by

APPLETON, J.—The defendant was the owner of three-sixteenths of the ship Lavinia Adams. The owners had effected several insurances upon her, one of which was at the office of the trustees. The vessel was lost, and the defendant received from insurance companies, in which policies had been effected and in adjustment thereof in part, the sum of $7428,50, which was more than his share of the whole loss.

It appears from the deposition of the defendant, which, by agreement, is made a part of this case, that the defendant loaned the firm of J. Berry & Son, of which firm Joseph Berry, who owned one-sixteenth of the ship, was a member, the sum of three thousand dollars, and took from them their note for that amount.

After all this, and before the adjustment of the policy effected upon the Lavinia Adams, at the office of the trustees, by Samuel H. Fuller, for whom it should concern, service was made in this process upon the defendant and the trustees.

City Bank *v.* Adams and Trustee.

It is conceded that the defendant has received more than his share of the different insurances effected upon the ship, unless the three thousand dollars loaned to Joseph Berry & Son is to be treated as a payment to Joseph Berry towards his share of the moneys paid upon the loss. If that sum is to be regarded as an advance to Joseph Berry toward his proportion of the insurance, and should be accounted for in that way, then the defendant would not have received his share; but if that is to be treated as a loan out of his own funds, then the trustee should not be charged, for the defendant Adams would have been overpaid.

The authorities are conclusive that parol evidence is not admissible to show that a promissory note was intended as a receipt. *Billings* v. *Billings*, 10 Cush. 178. The defendant testifies that the thousand dollars which are in the hands of Berry & Son, was a loan to the firm. In the adjustment of the policy with the trustees, it was so treated, and the amount due Joseph Berry thereon, was paid to his assignees. Whatever may have been the secret understanding between the parties, the insurance company cannot, upon their disclosure and upon the other evidence, be charged as trustee, without entirely disregarding their statements.

*Trustee discharged.*

TENNEY, C. J., RICE, HATHAWAY, MAY, and DAVIS, J. J., concurred.